IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

In re:

Gutierrez, Christian Rolando

      Debtor(s)

**Zvi Guttman, Trustee**
P.O. Box 32308
Baltimore, MD 21282

      Plaintiff

v.

Ourisman Edgewood I, Inc.t/a
Ourisman Toyota 40
Attn: Matthew Laun, Resident Agent
807 Rockville Pike
Rockville, MD 20852

and

Member First Credit Union, Inc.
Attn: Rainea French-Zaras, Resident Agent
1631 Merritt Blvd.
Dundalk, MD 21222

      Defendant

Bankr. Case No.: 25-21566-NVA

(Chapter 7)

Adv. Proc. No.: 26-_____-nva

**COMPLAINT TO AVOID AND RECOVER TRANSFERS AND OTHER RELIEF**

Zvi Guttman, Trustee, by his undersigned attorneys, files this Complaint against the captioned Defendants and as reason therefore states:

**JURISDICTION**

1. This is an action to avoid a transfer pursuant to 11 U.S.C. § 547, to recover the property or its value from the transferee pursuant to 11 U.S.C. § 550, and/or to obtain other related relief with respect to property of the estate

2. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391, 1408 and 1409.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).es:

5. Plaintiff consents to the entry of final orders or judgment by the Bankruptcy Court.

## PARTIES

6. Zvi Guttman, the plaintiff herein, is the Chapter 7 Trustee ("Trustee") of the captioned Debtor (the "Debtor").

7. Defendant, Ourisman Edgewood I, Inc.t/a Ourisman Toyota 40("Dealer"), is a seller of vehicles at retail.

8. Defendant, Members First Credit Union, Inc. ("Lender") is in the business, *inter alia*, of providing vehicle financing.

## GENERAL ALLEGATIONS

9. This case was commenced by the filing of a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code on December 10, 2025 (the "Petition Date").

10. On September 15, 2025, the Debtor purchased and took possession of a 2023 Mazda Hatchback, VIN JM1BPBLM7P1610318 (the "Vehicle") from Dealer.

11. The unpaid balance of the purchase price was approximately $38,320.80 (the "Obligation") and was financed for the Debtor by the Defendant under a Retail Installment [Sales] Agreement ("RISA").

12. In connection with said financing the Defendant took a security interest in the Vehicle and other related items (e.g., a $3,700.00 service contract).

13. The titling and lien documents were not delivered to the Maryland Motor Vehicle Administration until approximately November 5, 2025 - more than 30 days after the Debtor incurred the Obligation.

14. Thereafter, Debtor made payments to Lender on account of the Obligation under the RISA.

## INDIVIDUAL COUNTS

-2-

## Count I
## (Section 547- Preferential Transfer)

15. Paragraphs 1-14 of this Complaint are incorporated herein as if fully set forth in this Count I.

16. To the extent there was a prepetition perfection of the Defendant's lien and prepetition payments to the Defendant under the RISA, such perfection and such payments constituted the transfer of an interest of the Debtor in property, i.e., in the Vehicle and the money (collectively, "transfers").

17. Said transfers were made to or for the benefit of the Defendant.

18. Said transfers were for or on account of an antecedent debt owed by the Debtor before such transfers were made.

19. Said transfers were made while the Debtor was insolvent.

20. Said transfers were made on or within ninety (90) days before the Petition Date.

21. Said transfers enabled the Defendant to receive more than the Defendant would have received if (a) this case were a case under Chapter 7 of the Bankruptcy Code, (b) the transfers had not been made, and (c) the Defendant received transfers only to the extent provided by the provisions of the Bankruptcy Code.

## Count II
## (Section 542-Turnover)

22. Paragraphs 1-21 of this Complaint are incorporated herein as if fully set forth in this Count II.

23. Any postpetition payments ("payments") made by the Debtor to Lender on account of the Obligation was made under the mistaken belief that Lender held a perfected, non- avoidable purchase money lien on the Vehicle.

24. In fact, because the Defendant's lien on the Vehicle is avoidable as set forth herein, all payments should have been made to the Trustee who succeeds (or will succeed) to the lien position and lien rights of the Defendant (including the right to be paid on account of the Obligation) pursuant to 11 U.S.C. § 551.

25. Accordingly, Lender owes a debt that is property of the estate and that is

matured and payable on demand in an amount equal to the postpetition payments made by the Debtor on the Obligation.

26.    The Defendant is required to turn said amount over to the Trustee pursuant to 11 U.S.C. §542.

## Count III
## (Conversion)

27.    Paragraphs 1-26 of this Complaint are incorporated herein as if fully set forth in this Count III.

28.    Lender may have collected postpetition payments from the Debtor.

29.    Although Lender may have collected such payments lawfully, once the Trustee has succeeded in avoiding the lien on the Vehicle the continued exercise of dominion and control over the payments is wrongful.

30.    The Trustee is entitled to the immediate possession of the postpetition payments.

## Count IV
## (Recovery of Transfers (§ 550)

31.    Paragraphs 1-30 of this Complaint are incorporated herein as if fully set forth in this Count III.

32.    The Defendant was the initial transferee of the transfers and the payments.

33.    The Defendant was the initial recipient of the transfers and the payments from the Debtor.

34.    The Defendant had legal dominion and control of the payments when and as received.

35.    The Defendant is the entity for whose benefit the transfers and the payments were made.

36.    The the transfers and the payments, or their value, are recoverable from the Defendant pursuant to § 550 of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests that the Court make such findings and enter such judgments and orders as are appropriate, including, without

limitation, alternatively or cumulatively, the following:

A.    Find that perfection of the Defendant's lien in and against its collateral and each of the prepetition payments under the RISA constituted avoidable transfers within the contemplation of 11 U.S.C. § 547(b);

B.    Find that the Defendant was the initial transferee of avoidable transfers of property of the Debtor or of property of the estate or was the entity for whose benefit such transfer was made;

C.    Avoid the Defendant's lien against its collateral;

D.    Order that the Defendant's lien against its collateral be avoided, extinguished and of no further force of effect except that the lien be preserved for the benefit of this bankruptcy estate and further provide that by copy of a judgment of this Court to the Maryland Motor Vehicle Administration (the "MVA"), whether with or without the outstanding Title or Notice of Security Interest Filing, the MVA shall issue a new Title and Notice of Security Interest Filing, *gratis*, removing any designation of Defendant as the secured party and naming instead, Zvi Guttman, Trustee (or naming Zvi Guttman, Trustee, as the owner of the Vehicle);

E.    Avoid each payment made by the Debtor to the Defendant on or after 90 days before the filing of the Petition;

F.    Direct that the Defendant turn over to the Trustee each payment received on and after the Petition Date;

G.    Enter judgment in favor of the Trustee and against the Defendant in the amount of the value of Defendant's collateral as of the date of the Debtor's purchase of the Vehicle plus costs and pre-judgment interest; and

H.    Grant such other and further relief as is just and proper.

/s/ Zvi Guttman
Zvi Guttman (06902)
The Law Offices of Zvi Guttman, P.A.
P.O. Box 32308

Baltimore, Maryland 21282
Zvi@zviguttman.com
(410) 580-0500 Phone
(410) 580-0700 Fax

**Attorney for Trustee**